IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| MARCOS GONZALEZ #65613-079 | § |
| | § |
| V. | §   A-11-CA-582-SS |
| | § |
| ERIC HOLDER, DR. REGINA | § |
| BENJAMIN, WARDEN CLAUDE MAYE, | § |
| COMMANDER MICHAEL | § |
| SCHAPPAUGH, and DR. J. | § |
| McLAUGHLIN | § |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE SAM SPARKS
      UNITED STATES DISTRICT JUDGE

The Magistrate Court submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates Judges, as amended, effective December 1, 2002.

Before the Court are Plaintiff's complaint (Document No. 1); Defendant McLaughlin's Motion for Summary Judgment (Document No. 24); Plaintiff's medical records filed by Defendant McLaughlin (Document No. 25); Defendant McLaughlin's Advisory to the Court (Document No. 34); and Plaintiff's response to the motion for summary judgment (Document No. 35). Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

I. BACKGROUND

At the time he filed his civil rights complaint, Plaintiff was an inmate incarcerated in FCI Bastrop. Plaintiff brings this lawsuit pursuant to Bivens v. Six Unknown Agents of the Bureau of Narcotics and Dangerous Drugs, 403 U.S. 388, 91 S. Ct. 1999 (1971).

Plaintiff alleges that in November 2002, he suffered "an injury in the recreation yard at the Federal Correctional Institution in Beaumont, Texas," Compl. ¶ 30, which caused him "pain in his groin, testicles and inside thigh . . . [continuing] unabated for over six years," id. ¶ 31. In July 2008, he "was diagnosed . . . as having a hernia [which] continued to grow over the years as the rupture of the abdomen wall became larger." Id. ¶ 32. Notwithstanding several efforts to obtain medical treatment, see id. ¶¶ 33-40, he continued to endure pain, id., ¶¶ 41, 50. Plaintiff was told the hernia could be repaired by laproscopic surgery, see id. ¶ 49, yet "Defendants have refused to provide needed medical attention," which has "endangered the Plaintiff's health and well being," id. ¶ 50.

In Counts I and II of his complaint, Plaintiff alleges Claude Maye, FCI Bastrop's Warden, is aware of Plaintiff's "injury[] and the need for immediate surgical intervention . . . and . . . ha[s] failed to act, or by omission ha[s] been deliberately indifferent to Plaintiff's medical needs," id. ¶ 61, causing Plaintiff "unnecessary and wanton infliction of pain and suffering," id. ¶ 62; see id. ¶. For this alleged violation of Plaintiff's rights under the Eighth Amendment to the United States Constitution, Plaintiff sues Warden Maye in his individual capacity under Bivens, and in his official capacity. See id ¶¶ 4, 66. He demands compensatory and punitive damages as well as costs and attorney fees. See id. 63, 67. Similarly, in Counts I and III of his complaint, Plaintiff alleges Dr. McLaughlin, Clinical Director at FCI Bastrop, and Michael Schappaugh, a commissioned officer of the U.S. Public Health Service Officers Corps, too, are aware of Plaintiff's needs for surgical intervention and "have failed to direct that the medical procedure[] be performed," and thus have been "deliberately indifferent to Plaintiff's medical needs." Id. ¶ 69; see id. ¶ 61. These defendants are sued in their individual and official capacities, see id. ¶¶ 5-6, 63, 70, and Plaintiff demands compensatory and punitive damages as well as costs and attorney fees. See id.

2

In Count V, Plaintiff alleges Dr. Regina Benjamin, Surgeon General, and Schappaugh "are responsible for providing adequate medical care to inmates," id. ¶ 78, that they have failed or otherwise refused to provide Plaintiff the treatment prescribed for him, and that they have "acted with deliberate indifference to Plaintiff's medical needs," id. ¶ 79.  He sues Dr. Benjamin in her official capacity, and Schappaugh in both his official and individual capacity, "for malpractice, deliberate indifference, conscious avoidance or deliberate avoidance for the pain Plaintiff has suffered and the continued degeneration of his injuries," for which he demands monetary compensation.  Id.

Plaintiff also brings a claim in Count IV under the Administrative Procedure Act ("APA"), see 5 U.S.C. § 701 et seq., for the failure of the United States Department of Justice, the Bureau of Prisons, and the Public Health Service "to promulgate regulations along with a notice and comment period to provide procedures for the equal access to health care by inmates" in BOP custody.  Compl. ¶ 72.  He demands a declaratory judgment and injunctive relief directing the Attorney General, the BOP Director, and the Surgeon General to "promulgate independent regulations authorizing the [Public Health Service] . . . to administer [healthcare] to inmates."  Id. ¶ 76.

Lastly, in Count VI, Plaintiff demands mandamus relief to compel Defendants to provide "necessary medical care [to include] out-patient, in-patient care, medicine, and/or medical procedures to repair an injury and to further prevent it's [sic] degeneration, or place Plaintiff into jeopardy of loss of life[] or further illness."  Id. ¶ 82.

Plaintiff's complaint was file-marked on March 3, 2010, in the United States District Court for the District of Columbia, specifically naming Defendants Eric Holder and Dr. Regina Benjamin in their official capacities only, as well as specifically naming Defendants Claude Maye, Dr. James

McLaughlin, and Michael Schappaugh in their official and individual capacities. On August 10, 2010, Defendants filed a motion to dismiss. On February 8, 2011, the United States District Court for the District of Columbia granted in part and denied in part the motion to dismiss and transferred the action to this Court. The United States District Court for the District of Columbia issued a Memorandum Opinion (Document No. 15), and indicated that an Order consistent with the Memorandum Opinion would be issued separately. The court then issued its Order (Document No. 16) specifically dismissing Plaintiff's claims (1) against the defendants in their official capacities, (2) against Claude Maye in his individual capacity under a respondeat superior theory, referencing Count I in part and Count II, (3) against Schappaugh in his individual capacity, referencing Count III in part, (4) under the APA, referencing Count IV, and (5) seeking mandamus relief, referencing Count VI. The dismissal order is somewhat inconsistent with the Memorandum Opinion in that the United States District Court for the District of Columbia failed to include in its dismissal order the dismissal of Plaintiff's claims against Schappaugh in Counts I and V. After consideration of the Memorandum Opinion and Order of dismissal, the Court is of the opinion the only claims remaining for this Court's consideration are Plaintiff's claims brought against Dr. McLaughlin in his individual capacity under Counts I and III for the alleged deliberate indifference to his medical care.

Defendant McLaughlin moves for summary judgment arguing he is protected by qualified immunity. McLaughlin also argues that to the extent Plaintiff claims McLaughlin was deliberately indifferent to his medical needs prior to March 3, 2008, his claims are barred by the applicable statute of limitations.

In his Motion for Summary Judgment (Document No. 24) McLaughlin also pointed out he had not been properly served prior to the transfer of this case. Out of an abundance of caution, this

Court ordered service on McLaughlin. In his Advisory to the Court (Document No. 34) filed on October 13, 2011, McLaughlin indicated he was properly served and is not seeking dismissal of the case for ineffective service.

Plaintiff responds the defendant is trying to "do an end run around res judicata." He incorrectly argues this case was announced ready for trial by the court in the District of Columbia. Plaintiff reasserts he was denied a medically necessary operation for six years and believes the only reason he received the operation is because he filed a lawsuit. Plaintiff opines the fact he received his operation is sufficient proof the operation was medically required. Plaintiff contends a jury should determine (1) whether the BOP's procedures are adequate, (2) whether he was purposefully denied necessary medical care due to depraved indifference, budgetary constraints, or simple incompetence, and (3) whether Defendants provided truthful answers to the court in their various pleadings and sworn statements.

## II. ANALYSIS

A.  Summary Judgment Standard

A court will, on a motion for summary judgment, render judgment if the evidence shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Eason v. Thaler, 73 F.3d 1322, 1325 (5th Cir. 1996); Int'l Shortstop, Inc. v. Rally Inc., 939 F.2d 1257, 1263 (5th Cir. 1991), cert. denied, 502 U.S. 1059, 112 S. Ct. 936 (1992). When a motion for summary judgment is made and supported, an adverse party may not rest upon mere allegations or denials but must set forth specific facts showing there is a genuine issue for trial. Ray v. Tandem Computers, Inc., 63 F.3d 429, 433 (5th Cir. 1995); FED. R. CIV. P. 56.

Both movants and non-movants bear burdens of proof in the summary judgment process. Celotex Corp. v. Catrett, 477 U.S. 317, 106 S. Ct. 2548 (1986). The movant with the burden of proof at trial must establish every essential element of its claim or affirmative defense. Id. at 322, 106 S. Ct. at 2552. In so doing, the moving party without the burden of proof need only point to the absence of evidence on an essential element of the non-movant's claims or affirmative defenses. Id. at 323-24, 106 S. Ct. at 2554. At that point, the burden shifts to the non-moving party to "produce evidence in support of its claims or affirmative defenses . . . designating specific facts showing that there is a genuine issue for trial." Id. at 324, 106 S. Ct. at 2553. The non-moving party must produce "specific facts" showing a genuine issue for trial, not mere general allegations. Tubacex v. M/V Risan, 45 F.3d 951, 954 (5th Cir. 1995).

In deciding whether to grant summary judgment, the Court should view the evidence in the light most favorable to the party opposing summary judgment and indulge all reasonable inferences in favor of that party. The Fifth Circuit has concluded "[t]he standard of review is not merely whether there is a sufficient factual dispute to permit the case to go forward, but whether a rational trier of fact could find for the non-moving party based upon the evidence before the court." James v. Sadler, 909 F.2d 834, 837 (5th Cir. 1990) (citing Matsushita, 475 U.S. at 586, 106 S. Ct. 1356)). To the extent facts are undisputed, a Court may resolve the case as a matter of law. Blackwell v. Barton, 34 F.3d 298, 301 (5th Cir. 1994).

B.    Statute of Limitations

McLaughlin argues that to the extent Plaintiff claims McLaughlin was deliberately indifferent to his medical needs prior to March 3, 2008, Plaintiff's claims are barred by the applicable statute of limitations. Because there is no federal statute of limitations for Bivens claims, federal courts

6

apply the general personal injury limitations period and tolling provisions of the forum state. Brown v. Nationsbank Corp., 188 F.3d 579, 590 (5th Cir. 1999); Gartrell v. Gaylor, 981 F.2d 254, 256 (5th Cir. 1993); see also, Izen v. Catalina, 398 F.3d 363, 367 n. 3 (5th Cir. 2005). In Texas, the relevant statute of limitations is two years. See Cooper v. Brookshire, 70 F.3d 377, 380 n. 20 (5th Cir. 1995); TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (West 2005). However, the statute of limitations is tolled while a prisoner fulfills 42 U.S.C. § 1997's administrative exhaustion requirement. Wright v. Hollingsworth, 260 F.3d 357, 359 (5th Cir. 2001).

The issue of limitations has not bee adequately briefed. Defendant McLaughlin did not take into account the time during which the limitations period was tolled while Plaintiff exhausted his administrative remedies. In addition, although the United States District Court did not receive Plaintiff's complaint until March 3, 2010, Plaintiff's complaint is considered filed as of the time he placed it in the prison mail system for mailing. Cooper v. Brookshire, 70 F.3d 377, 378 (5th Cir. 1995). Plaintiff executed his complaint on February 4, 2010. Without contrary summary judgment evidence the Court presumes Plaintiff placed his complaint in the prison mail system for mailing on this date. Because of the lack of adequate briefing, the Court should decline to grant summary judgment with regard to limitations.

    C.    Qualified Immunity

Defendant McLaughlin asserts his entitlement to qualified immunity. The doctrine of qualified immunity affords protection against individual liability for civil damages to officials "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S. Ct. 2727 (1982). Immunity in this sense means immunity from suit, not merely from liability. Jackson

v. City of Beaumont, 958 F.2d 616 (5th Cir. 1992).  "Qualified immunity is designed to shield from civil liability all but the plainly incompetent or those who violate the law."  Brady v. Fort Bend County, 58 F.3d 173, 174 (5th Cir. 1995).  To rebut the qualified immunity defense, the plaintiff must show: (1) that he has alleged a violation of a clearly established constitutional right, and (2) that the defendant's conduct was objectively unreasonable in light of clearly established law at the time of the incident.  Waltman v. Payne, 535 F.3d 342, 346 (5th Cir. 2008) (footnote omitted).  To negate a defense of qualified immunity and avoid summary judgment, the plaintiff need not present "absolute proof," but must offer more than "mere allegations."  Reese v. Anderson, 926 F.2d 494, 499 (5th Cir. 1991).

For several years, the Supreme Court required that the first of these criteria-whether plaintiffs' facts allege a constitutional violation-must be decided at the outset.  Saucier v. Katz, 533 U.S. 194, 201, 121 S. Ct. 2151, 2156 (2001).  Recently, however, the Court reversed course, holding that lower courts "should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand."  Pearson v. Callahan, 555 U.S. 223, 129 S. Ct. 808 (2009).

      1.    Medical Care

The Fifth Circuit has held that deliberate indifference to a convicted inmate's serious medical needs could state a civil rights violation, but a showing of nothing more than negligence does not.  Norton v. Dimazana, 122 F.3d 286, 291 (5th Cir. 1997); Jackson v. Cain, 864 F.2d 1235, 1246 (5th Cir. 1989).  However, simple disagreement with the medical treatment received or a complaint that the treatment received has been unsuccessful is insufficient to set forth a constitutional violation.  Johnson v. Treen, 759 F.2d 1236, 1238 (5th Cir. 1985); Norton, 122 F.3d at 293.

Furthermore, malpractice alone is not grounds for a constitutional claim. Varnado v. Collins, 920 F.2d 320, 321 (5th Cir. 1991). Negligent or mistaken medical treatment or judgment does not implicate the Eighth Amendment and does not provide the basis for a civil rights action. Graves v. Hampton, 1 F.3d 315, 319-20 (5th Cir. 1993). The Fifth Circuit has held that the fact that medical care given is not the best that money can buy, and the fact that a dose of medication may occasionally be forgotten, does not amount to deliberate indifference to serious medical needs. Mayweather v. Foti, 958 F.2d 91 (5th Cir. 1992). More pertinently, the Fifth Circuit has held that an inmate who had been examined by medical personnel on numerous occasions failed to set forth a valid showing of deliberate indifference to serious medical needs. Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). It should be noted in this regard that medical records of sick calls, examinations, diagnoses, and medications may rebut an inmate's allegations of deliberate indifference to serious medical needs. Banuelos v. McFarland, 41 F.3d 232, 235 (5th Cir. 1995).

Deliberate indifference is an extremely high standard to meet. A prison official acts with deliberate indifference only if he knows that an inmate faces a substantial risk of serious bodily harm and he disregards that risk by failing to take reasonable measures to abate it. Farmer v. Brennan, 511 U.S. 825, 847, 114 S. Ct. 1970, 1984 (1994). A plaintiff must show that the official "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." Domino v. Texas Dep't Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001) (quoting Johnson v. Treen, 759 F.2d 1236, 1238 (5th Cir. 1985)).

The Fifth Circuit has consistently rejected inmates' Eighth Amendment claims complaining about the alleged failure to perform hernia procedures at an earlier time. See Barrett v. Mississippi

9

Dep't of Corr., No. 09-60481, 2011 WL 2183431, at *1 (5th Cir. June 3, 2011); McBarron v. Federal Bureau of Prisons, No. 08-10197, 2009 WL 1659221, at *1-2 (5th Cir. June 15, 2009) (holding no deliberate indifference when recommended hernia surgery was not immediately necessary, and although Plaintiff did not receive treatment as quickly as he wanted, he was not ignored and the surgery was approved once it became medically necessary); Clark v. Adams, No. 06-40904, 2007 WL 1814269, at *1 (5th Cir. June 21, 2007) (finding that inmate was seen by medical personnel, and plaintiff's claim that his hernia treatment was ineffective was best described as a disagreement with medical treatment, which, at most, is an allegation of negligence, not constitutional violation).

In Plaintiff's case, the summary judgment evidence shows Defendant McLaughlin worked at FCI Bastrop from August 2005 until his retirement on September 30, 2009. See Defendant's Exhibit B. He denies he was deliberately indifferent to Plaintiff's medical needs. Id. McLaughlin attests he and his staff treated Plaintiff's hernia by issuing him a hernia belt. Id. In addition, he attests at the time he was treating Plaintiff the hernia was small, non-compromised, and non-emergent. Id.

The summary judgment evidence further shows Plaintiff arrived at FCI Bastrop on April 26, 2007. See Defendant's Exhibit A at 450. The intake medical examination and history in May 2007 did not indicate that Plaintiff had a history of inguinal hernia. Id. at 447. On August 27, 2007, Plaintiff was treated for a left inguinal hernia he claimed he had for over five years. Id. at 419. Physician Assistant Salvador Flores indicated Plaintiff had "no pain on exam" (emphasis in original) and that the right and left inguinal canals were normal. Id. at 419. On October 16, 2008, Plaintiff was seen by PA Flores, where he was seen for a "[v]ery small reducible Left Inguinal Hernia, non compromised." Id. at 387. Plaintiff was also issued a hernia belt to assist him and advised to follow

up with sick call as needed. Id. On January 26, 2009, Plaintiff was treated by PA Flores, who noted the hernia was "small, does not even protrude on exam table." Id. at 381. On May 21, 2009, Dr. McLaughlin treated Plaintiff for his hernia, which Plaintiff claimed he had for three years, and that he could feel it "pop out" during physical stress or coughing. Id. at 374. On June 19, 2009, Plaintiff was evaluated for his hernia by PA Flores and scheduled for inguinal hernia evaluation. Id. at 371. On September 2, 2009, Plaintiff was seen by an outside general surgeon in order to evaluate and further work up his hernia treatment. Id. at 365-68. A report by the outside surgeon that summarized the September 2009 evaluation indicated the hernia had been intermittent and gradual over five years and described as "mild discomfort" per patient's report. Id. at 365. On September 28, 2009, Plaintiff had two visits to the clinic. In Plaintiff's first visit, he indicated his hernia pain had gotten worse, while in the other visit, Plaintiff stated he did not have pain, just that his hernia popped in and out. Id. at 225-28. On October 3, 2009, shortly after McLaughlin's retirement, Plaintiff presented to the FCI Bastrop clinic, and the physician's assistant concluded Plaintiff had a "very small, non compromised, non-emergency inguinal hernia, pending URC [Utilization Review Committee]. [W]ill still order pre-op labs." Id. at 224. On January 30, 2010, PA Flores indicated that Plaintiff had significant problems controlling his glucose, and that his sugar levels should improve prior to surgery. Id. at 194. Once again, Plaintiff's hernias were noted as "small" and "non-compromised." Id. at 194. Plaintiff's surgery was done on August 23, 2010, by an outside surgeon. Id. at 154-61.

Plaintiff's claim amounts to nothing more than a difference of opinion with the medical treatment he received. As explained above, a disagreement with medical treatment does not amount to deliberate indifference. Plaintiff has failed to provide the Court with any summary judgment evidence that Defendant McLaughlin was deliberately indifferent to Plaintiff's serious medical

11

needs. The competent summary judgment evidence, when viewed in the light most favorable to Plaintiff, fails to show that a constitutional violation was committed by Defendant McLaughlin. Nor does the record show that any of Defendant McLaughlin's actions violated clearly established statutory or constitutional rights of which a reasonable person would have known. Consequently, Defendant McLaughlin is entitled to the defense of qualified immunity.

### III.  RECOMMENDATION

The undersigned recommends that the District Court **GRANT** Defendant McLaughlin's Motion for Summary Judgment [#24].

### IV. OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within 14 days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415, 1428-29 (5th Cir. en banc, 1996).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is

ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 12th day of March, 2012.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE